# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARINA ANN BOLIN,           ) | |
| )| |
| Plaintiff,  ) | |
| ) | |
| v.                                              ) | Case No. CIV-10-342-SPS |
| ) | |
| MICHAEL J. ASTRUE,               ) | |
| Commissioner of the Social        ) | |
| Security Administration,              ) | |
| ) | |
| Defendant.   ) | |

## OPINION AND ORDER

The claimant Barbarina Ann Bolin requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 7, 1964, and was forty-four years old at the time of the administrative hearing. She has a high school education and past relevant work as a certified nurse aide, cook helper, and machine operator. (Tr. 13, 49). The claimant alleges that she has been unable to work since February 28, 2006, because of cysts in her feet and hands, arthritis, and tendonitis. (Tr. 123).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 on April 17, 2006. The Commissioner denied her application. ALJ Richard Kallsnick held an administrative hearing and determined that the claimant was not disabled in a written opinion dated October 16, 2008. The Appeals Council denied review, so this opinion is the Commissioner's final decision for purposes of appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to lift/carry 10 pounds frequently and 20 pounds occasionally, stand/walk or sit for six hours in an eight-hour work day (Tr. 48). The ALJ further concluded that the claimant had no postural, communicative, environmental, manipulative, visual or environmental limitations and

that she likewise had no mental impairments. (Tr. 48). While the ALJ found that the claimant was unable to return to her past relevant work, she was nonetheless not disabled because there was other work the claimant could perform in the national economy, *i. e.*, cashier, ticket taker, motel housekeeper, charge account clerk, and semiconductor assembler (Tr. 50).

## Review

The claimant contends that the ALJ erred: (i) by failing to consider her impairments, both singly and in combination with one another; (ii) by failing to properly analyze her credibility; (iii) by failing to properly analyze her RFC at step four; and, (iv) by failing to fully and fairly develop the medical record. The undersigned Magistrate Judge finds the claimant's second contention dispositive.

On February 6, 2006, the claimant presented at the Eastern Oklahoma Medical Center's emergency room complaining that her feet were hurting, which the claimant reported prevented her from walking much. (Tr. 178). Diagnostic testing was performed on February 9, 2006 at Diagnostic Imaging Associates by Dr. Jeffrey D. Smith, which revealed a patellar enthesopathy in claimant's right knee and a posterior calcaneal enthesopathy in her left ankle. (Tr. 182-83). Claimant again complained of foot and knee pain at Stigler Health and Wellness Center on May 10, 2006, which the treating source indicated could be a Morton's neuroma in claimant's foot and a probably meniscus tear in her knee. (Tr. 185). The claimant complained of foot and knee pain on June 8, 2006 and further complained of pain in her lower back and tailbone that worsened

with sitting on August 23, 2006. Radiologic testing revealed that claimant had a calcaneal spur in her right foot, a patellar spur in her right knee, and mild spondylosis in her lumbar spine. (Tr. 211-12, 221). Treatment notes from Stigler Health and Wellness Center on May 7, 2007 reveal that claimant reported edema in her ankles and feet by the end of the day and that she "has 2 pillow orthopnea." (Tr. 251, 260).

The claimant was examined on July 19, 2006 by state consultative physician Dr. Wojciech L. Dulowski, M.D. (Tr. 192-97). The claimant reported at that time having difficulty walking and swelling in her hands and feet. (Tr. 192). The claimant also reported lower back pain which radiates to her right lower extremities. (Tr. 192). Dr. Dulowski wrote that while the claimant had difficulty walking, she had "good safety stability" and attributed her difficulty walking on her heels and toes to her weight. (Tr. 193). He also noted that claimant was "slightly tender in the midline over the lumbar lower spine and cervical spine" and that she had "slight tenderness over the medial aspect of the right and left knee." (Tr. 193). His diagnoses included hypertension, hyperlipidemia, history of probably general osteoarthritis, morbid obesity, and chronic low back pain. (Tr. 193).

The claimant testified at the administrative hearing that she was capable of sitting in one place for one hour at a time and stand for about 15-20 minutes. (Tr. 16). The claimant further testified that she has problems walking. Further, the claimant testified that activities take longer than they used to and that she must elevate her legs to alleviate her back pain around four hours intermittently over the course of a regular day. (Tr. 27).

The claimant contends, *inter alia*, that the ALJ failed to properly analyze her credibility with regard to the limiting nature of her condition.  A credibility determination is entitled to deference unless there is an indication the ALJ misread the medical evidence taken as a whole.  *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991).  Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings.  *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987).  But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'"  *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ's credibility analysis here was the following: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment for the reasons explained below." (Tr. 14).  The problem with this analysis is that the ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the above guidelines and *then* formulated

an appropriate RFC, not the other way around, *i. e.*, the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC.

The ALJ then went on to state that claimant's pain was not consistent with the medical evidence because she had full range of motion in her back, neck, and joints, and then cited her failure to lose weight as an apparent reason to discredit the claimant. However, the ALJ failed to discuss medical evidence that supported the claimant's allegations, *i. e.*, the fact that claimant had well-documented calcaneal spurs, patellar spurs, difficulty walking (as well as a weak heel-to-toe walk), and regularly complained of pain in her back, feet, knees, and hands during medical visits.  Additionally, the ALJ failed to discuss that Dr. Dulowski found that while claimant *did* have full range of motion, she also experienced pain while range of motion testing was being performed. (Tr. 193).  This amounts to improper picking and choosing among the medical evidence. *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]; *Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

Because the ALJ failed to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's' decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 28th day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma